UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER TROTTER, ET AL.       CIVIL ACTION

VERSUS

LAUREN ENGINEERS &
CONSTRUCTERS, INC.       NO.: 16-00033-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Recover Fees and Costs (Doc. 19)** and **Motion to Dismiss Clams of Plaintiff Earvin Williams for Failure to Prosecute Under Federal Rule of Civil Procedure 41(b) (Doc. 20)** filed by Lauren Engineers & Constructors, Inc. ("Defendant"). Through its motions, Defendant seeks (1) dismissal of Earvin Williams's ("Plaintiff") claims for his failure to appear at three scheduled depositions, and (2) to recover attorneys' fees and other expenses incurred as a result of Plaintiff's failure to appear at said depositions. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

Plaintiff—along with nine co-plaintiffs—filed the instant action against Defendant on December 4, 2015, alleging violations under Title VII and Louisiana state law related to the allegedly discriminatory conduct of one of Defendant's employees. (*See* Doc. 1). Defendant filed the instant motions following Plaintiff's failure to appear for three scheduled depositions on July 7, 2016, September 8, 2016,

1

E. Williams - Certified Mail Receipt # 7013 2630 0001 8372 3712

and September 21, 2016.[1] Thereafter, Plaintiff's attorney filed a motion to withdraw as counsel of record for Plaintiff, citing Plaintiff's failure to appear at scheduled depositions despite prior notice and Plaintiff's apparent "unwillingness to participate in [his] own case." (*See* Doc. 21).[2] On November 1, 2016, the Magistrate Judge granted Plaintiff's counsel's Motion to Withdraw and ordered Plaintiff to respond to Defendant's motions on or before November 14, 2016. (Doc. 22). Pursuant to the Magistrate Judge's Order, the Clerk's Office served the order via certified mail, return receipt requested, to Plaintiff's address on file. (*See* Doc. 22). The Order was returned as unclaimed by Plaintiff. (*See* Doc. 23).

On January 20, 2017, the Court issued another Order requiring Plaintiff to respond to Defendant's pending motions on or before February 10, 2017, and notifying Plaintiff that failure to respond would "result in the involuntary dismissal of Plaintiff's claims against Defendant and the imposition of sanctions in the form of attorney's fees and costs associated with Plaintiff's failure to appear" for scheduled depositions. (Doc. 24). The Order was received by someone present at the listed

---

[1] On April 21, 2016, Defendant noticed the deposition of Plaintiff for July 7, 2016 at the office of his attorney. (Doc. 19-3 at p. 1). However, according to Defendant, Plaintiff's attorney advised that Plaintiff would not be appearing for his deposition on July 6, 2016. As a result, on August 18, 2016, Defendant reset and re-noticed Plaintiff's deposition for September 8, 2016 at his attorney's office. (Doc. 19-4). Counsel for Defendant travelled from New Orleans to Gonzales, Louisiana for Plaintiff's September 8, 2016 deposition, and Defendant's corporate representative travelled from Abilene, Texas to Gonzales, Louisiana. However, Plaintiff failed to appear for his deposition due to alleged car trouble. (Doc. 19-6 at p. 4). Accordingly, Defendant's counsel took a *proces verbal*, noting Plaintiff's failure to attend his first and second depositions and resetting Plaintiff's deposition for September 21, 2016. (*Id.*). That same day, counsel for Defendant re-noticed Plaintiff's deposition for September 21, 2016 at Defendant's counsel's office in New Orleans, Louisiana. Plaintiff failed to appear for his deposition on September 21, 2016, and another *proces verbal* was taken, wherein counsel for Defendant noted Plaintiff's failure to attend his three depositions and reserved the right to recover fees and costs incurred in connection with Plaintiff's depositions.

[2] Counsel's motion to withdraw related only to Earvin Williams.

2

address on February 7, 2017. (*See* Doc. 28). However, Plaintiff has thus far failed to respond to Defendant's motions pursuant to the Court's Order.

## II. DISCUSSION

### 1. INVOLUNTARY DISMISSAL

Federal Rule of Civil Procedure 41(b) empowers a district court to involuntarily dismiss an action, with prejudice, if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed.R.Civ.P. 41(b). Because "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," however, a dismissal under Rule 41(b) should be granted only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. Cigna/RSI–Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985)). Failure to comply with court orders after being warned that such failure would result in dismissal has been held to be "contumacious conduct" warranting dismissal under Rule 41(b). *Dorsey*, 84 F.3d at 171–72; *Hawkins v. AT & T Corp.*, No. SA–02–CA–0166–RF, 2003 WL 22736525 at *3 (W.D. Tx. Nov. 12, 2003). In addition, to dismiss an action for failure to prosecute, the U.S. Fifth Circuit Court of Appeals requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual

3

prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry*, 975 F.2d at 1191.

The Court finds that there is a clear record of delay and contumacious conduct on the part of Plaintiff, and that lesser sanctions would not prompt diligent prosecution. On November 1, 2016, and January 20, 2017, the Court ordered Plaintiff to address Defendant's motions and warned Plaintiff that failure to comply with the orders would result in involuntary dismissal of his claims. (*See* Docs. 22, 24). To date, Plaintiff has (1) provided no explanation for his failure to attend the scheduled depositions, and (2) failed to comply with the Court's orders to respond to Defendant's motions. Further, Plaintiff's former counsel's notice of withdrawal indicates that Plaintiff's repeated failure to attend scheduled depositions can be attributed to Plaintiff's own "unwillingness to participate" in his own case. (*See* Doc. 21-1). Plaintiff's noncompliance with this Court's orders, despite being warned multiple times that such failure would result in dismissal, demonstrates a complete disregard for Court orders sufficient to warrant dismissing Plaintiff's claims.

The Court further finds that the best interests of justice require the involuntary dismissal of Plaintiff's claims against Defendant. Plaintiff's repeated disregard for the Court merits dismissal of his claims at this point, after repeated warnings and additional efforts on the part of Defendant to accommodate him for prosecution of the case. Accordingly, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims against Defendant are **DISMISSED** with prejudice, for Plaintiff's contumacious failure to comply with this Court's orders.

## 2. RECOVERY OF ATTORNEYS' FEES AND OTHER EXPENSES

Defendant also requests reasonable expenses and attorneys' fees under Rule 37(d)(3), which were incurred as a result of Plaintiff's failure to appear at several scheduled depositions. Federal Rule of Civil Procedure ("Rule") 37(d) authorizes the imposition of sanctions in the form of attorney's fees and costs for a party's failure to attend his own deposition "unless such failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). It is undisputed that Plaintiff did not attend any of the three scheduled depositions, and that this failure is covered by Rule 37(d)(3). Therefore, Rule 37(d) applies, and the Court must determine whether Plaintiff's conduct was substantially justified or whether an award of expenses would be unjust.

Neither Plaintiff nor Plaintiff's previous counsel have provided a reasonable explanation for Plaintiff's failure to attend the depositions. In fact, Plaintiff's former counsel has indicated that such failure likely stemmed from Plaintiff's lack of interest in pursuing his claims against Defendant. (*See* Doc. Cite). As such, the Court finds that Plaintiff's failure to attend three previously scheduled depositions constitutes conduct warranting the imposition of sanctions, and Defendant's Motion to Recover Fees and Costs (Doc. 19) is **GRANTED** to the extent Defendant seeks an award of reasonable attorneys' fees and expenses resulting from Plaintiff's failure to attend his deposition.

Defendant supports its request for attorney's fees with affidavits and billing records showing that they incurred a total of $6,168.00 in attorney's fees for work

done in preparation of Plaintiff's depositions. Generally, work that was "necessarily performed" by an attorney in preparation of a deposition and that "remains useful in connection" with any rescheduled deposition is not compensable under Rule 37(d)(3). *Richardson v. BNSF Railway Co.*, 2014 WL 5317866, at *3 (E.D. La. Oct. 16, 2014) (holding that plaintiffs could not recover for time spent preparing for defendant's cancelled deposition because that work was "necessarily performed and remains useful in connection with the rescheduled [deposition], despite the cancellation"); *Hudson v. L&W Supply Corp.*, 2009 WL 1941498, at *4 (S.D. Tex. July 2, 2009) (plaintiff was not entitled to attorney's fees incurred in preparation of unattended deposition because that work would be useful if the deposition were re-noticed). However, courts have awarded attorney's fees incurred for last-minute preparation and review done just before the scheduled but unattended deposition. In making this distinction, courts have recognized that a diligent attorney would reasonably "review deposition questions and strategy" for a second time just before any rescheduled deposition. *Martinez v. Neiman Marcus Grp., Inc.*, 2005 WL 2179137, at *3 (N.D. Tex. Sept. 7, 2005). Because Defendant had no opportunity to depose Plaintiff in relation to this action, the Court finds that all attorney's fees incurred in preparation for Plaintiff's depositions are compensable under Rule 37(d)(3).

Further, in connection with expenses incurred for Plaintiff's deposition, Defendant has presented billing invoices showing that it incurred a total $1,647.57 in costs for the following expenses: (a) $1,276.33 – travel expenses for Defendant's corporate representative to travel to the depositions; (b) $61.24—mileage expenses to

and from the depositions; and (c) $310.00—Court Reporter fees from September 8, 2016 and September 21, 2016 depositions. (*See* Doc.19-11). The Court, receiving no objection from Plaintiff, finds these expenses reasonable under the circumstances and compensable under Rule 37(d)(3). *See Richardson v. BNSF Ry. Co.*, 2014 WL 5317866, at *3 (E.D. La. Oct. 16, 2014) (awarding costs, including court reporter's fees, associated with unattended deposition); *Tyler v. Nema Inc.*, 2013 WL 486651, at *4 (W.D. La. Feb. 5, 2013) (awarding travel expenses).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Claims of Plaintiff Earvin Williams for Failure to Prosecute Under Federal Rule of Civil Procedure 41(b) (Doc. 20)** is **GRANTED**. All claims of Plaintiff Earvin Williams against Defendant Lauren Engineers & Constructors, Inc. are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Motion to Recover Fees and Costs (Doc. 19)** filed by Defendant is **GRANTED**. Plaintiff Earvin Williams is hereby ordered to pay Defendant $6,168.00 in attorney's fees and $1,647.57 in costs for his failure to appear at three scheduled depositions.

**IT IS ORDERED FURTHER** that the Clerk's Office shall serve this Ruling and Order on Plaintiff, Earvin Williams, via certified mail, return receipt requested, at the address listed on PACER.

Baton Rouge, Louisiana, this 5th day of May, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**