UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER TROTTER,  
MICHAEL COLLINS, PATRICK  
SANDERS, EARVIN WILLIAMS,  
CHARLES F. TROTTER, LEO  
MITCHELL, TIMOTHY SALLINS,  
ROBERT SALLINS, CLAUDIEUS  
GILLIAM, AND ISAAC WEST

CIVIL ACTION

VERSUS

LAUREN ENGINEERS & CONSTRUCTORS, INC.

NO.: 16-00033-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 25)** filed by Lauren Engineers & Constructors, Inc. ("Defendant"). In its motion, Defendant requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 56. Christopher Trotter, Michael Collins, Patrick Sanders, Charles F. Trotter, Leo Mitchell, Timothy Sallins, and Isaac West (collectively "Plaintiffs") filed a memorandum in opposition, (Doc. 32), and Defendant filed a reply, (Doc. 34). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons that follow, Defendant's motion is **GRANTED**.

I. BACKGROUND

Plaintiffs filed the instant action on December 4, 2015, in the Twenty-Third Judicial District Court, Parish of Ascension, State of Louisiana, alleging that while under Defendant's employ, Defendant created a hostile work environment in which they were subjected to discriminatory comments in violation of Title VII of the Civil

1

Rights Act of 1964 ("Title VII").[1] Specifically, Plaintiffs assert that on two separate occasions—July 25, 2015, and September 22, 2015—Brad Hanson, the Mechanical Superintendent for Defendant, used racially inappropriate language and referred to Plaintiffs as "monkeys." (*See* Doc. 1-2).

The undisputed facts show that on July 25, 2015, Mr. Hanson held a meeting with several project supervisors, including Plaintiff Timothy Sallins, an African-American man, and Raymond Williams, a Caucasian man. (Docs. 25-13 at p. 3; 33 at p. 1). At the meeting, Mr. Hanson allegedly commented to Mr. Williams that his crewmembers, a predominantly black group known as the "Grout Crew," "looked like a bunch of monkeys f***ing a football." (*Id.*). Other than Timothy Sallins, no Plaintiff was present at the meeting. Shortly thereafter, members of the Grout Crew learned about Mr. Hanson's comment. (Docs. 25-13 at p. 4; 33 at p. 1).

Thereafter, on October 28, 2015, Plaintiff Timothy Sallins sent a fax to Lauren complaining about the comment Mr. Hanson made on July 25, 2015. (Doc. 25-13 at p. 6). On that same day, Plaintiffs Patrick Sanders and Robert Sallins each sent a fax to Defendant complaining about the comment made by Mr. Hanson on July 25, 2015, and also stating that Mr. Hanson commented on September 22, 2015: "I can't wait until you monkeys get off my job site." (*Id.*; Doc. 33 at p. 1).

On the basis of these two comments, Plaintiffs allege that Defendant violated Title VII by having a workplace "that is permeated with discriminatory actions, intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the

---

[1] Plaintiffs' state court petition also included negligence claims under Louisiana state law. However, Plaintiffs have abandoned those claims. (*See* Docs. 1-2 at pp. 2-3; 32 at p. 3).

2

conditions of the plaintiffs' employment and created an abusive workplace environment." (*See* Doc. 1-2). Defendant timely removed the matter to this Court, asserting federal jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Doc. 1).

In its motion, Defendant argues that Plaintiffs cannot establish claims for racial harassment under Title VII because (1) many of the individual Plaintiffs involved in this litigation were not personally subject to the alleged unwelcome harassment, (2) any alleged harassment was not severe or pervasive enough to warrant the requested relief, and, alternatively, (3) any harassment claims are barred by the *Faragher/Ellerth* defense. (Doc. 25-1 at p. 8). Plaintiffs filed a memorandum in opposition to the summary judgment motion, reiterating many of the same allegations as stated in their Petition. (Doc. 32).

## II.   DISCUSSION

### A. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## B. ANALYSIS

A plaintiff may establish a Title VII violation based on race discrimination creating a hostile work environment. *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002). "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case, the plaintiff must prove that: (1) he is a member of a

protected class; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[2] *Ramsey,* 286 F.3d at 268. Here, Defendant argues that Plaintiffs cannot satisfy their burden of proving that the alleged harassment affected a term, condition or privilege of their employment. Specifically, Defendant avers that several Plaintiffs, including Christopher Trotter, Charles Trotter, Leo Mitchell, Isaac West, and Michael Collins, cannot show that they personally experienced the alleged harassment complained of, and those who did witness Mr. Hanson's comments only did so on one occasion each. (Doc. 25-1 at p. 9).

In order for harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 434 (5th Cir. 2005) (quoting *Meritor Sav. Bank,* 477 U.S. at 67). For harassment to be sufficiently severe or pervasive to alter the conditions of employment, the conduct complained of must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Aryain v. Wal–Mart Stores of Tex.*

---

[2] Where, as here, the harassment was allegedly committed by a supervisor with immediate authority over the harassed employee, the plaintiff need only satisfy the first four elements of the prima facie case. *Celestine v. Petroleos de Venezuela SA,* 266 F.3d 343, 353 (5th Cir. 2001), abrogated in part by *Heath v. Board of Supervisors for Southern University and Agricultural and Mechanical College,* 850 F.3d 731 (5th Cir. 2017).

*LP,* 534 F.3d 473, 479 (5th Cir. 2008); *see also Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Thus, not only must the victim perceive the environment as hostile, the conduct must also be such that a reasonable person would find it to be hostile or abusive. *Harris,* 510 U.S. at 21–22. To determine whether the victim's work environment was objectively offensive, courts consider the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating; (4) whether it interferes with an employee's work performance. *Id.* at 23.

The parties do not dispute that the underlying factual allegations asserted by Plaintiffs are true. That is, both parties agree that on July 25, 2015 and September 22, 2015, respectively, three of the Plaintiffs—Timothy Sallins, Patrick Sanders and Robert Sallies—personally witnessed Mr. Hanson refer to either themselves or a group of predominantly African-American men as "monkeys." (*See* Docs. 25-13, 33). All other Plaintiffs learned of Mr. Hanson's comments within a few days after the July 25, 2015 incident, and there is no evidence indicating that any Plaintiffs other than Patrick Sanders and Robert Sallies has personal knowledge of the September 22, 2015 incident. The parties dispute, however, whether those incidents are legally actionable under Title VII, and particularly whether the number and nature of racially insensitive comments made by Mr. Hanson satisfies the "severe or pervasive" standard.

The Court finds that Plaintiffs have failed to present any evidence, let alone sufficient evidence, to create a genuine dispute of material fact from which a jury

could conclude that the alleged harassment complained of affected a term, condition, or privilege of their employment. First, the Court notes for emphasis that of the eight named Plaintiffs remaining in this litigation, only *three* of them personally witnessed Mr. Hanson's comments.[3] Further, not only did some Plaintiffs not directly witness the alleged harassment, but those who did were only subjected to the alleged harassment *one time*. Although the Court agrees with Plaintiffs that it is not necessary for them to have been called "monkeys" or any other offensive term *every* day for Mr. Hanson's comments to be considered severe and pervasive, (*see* Doc. 32 at p. 2), at the very least, each Plaintiff would be required to put forth evidence showing that they experienced more than one instance of severe racial harassment to proceed in a Title VII action such as this. Here, several Plaintiffs failed to present any evidence that the offensive comments were specifically directed at or experienced by them. As such, the Court finds that Defendant is entitled to summary judgment.

In so holding, the Court notes that Mr. Hanson's comments were distasteful and, to the extent they were made on the basis of Plaintiffs' race, reprehensible. Such wanton disrespect for fellow Americans is antithetical to our nation's collective values. However, under federal law, the mere utterance of ethnic or racial epithets that engender offensive feelings in an employee, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the

---

[3] On September 19, 2016, Claudieus Gilliam voluntarily dismissed his claims against Defendant. (Doc. 18). On May 8, 2017, the Court, on motion of Defendant, dismissed Earvin Williams' claims for failure to prosecute under Federal Rule of Civil Procedure 41. (Doc. 37). Additionally, at the final pretrial conference in this matter, counsel for Plaintiffs notified the Court that Isaac West was involved in a boating accident and has been missing since then and is therefore unavailable to pursue his claims.

terms, conditions, and privileges of employment. *See Meritor*, 477 U.S. at 67; *Lauderdale v. Tex. Dep't of Criminal Justice, Inst. Div.*, 512 F.3d 157, 163 (5th Cir. 2007). Instead, Plaintiffs must establish that the harassment complained of was sufficiently severe or pervasive to alter the conditions of their employment and create an abusive working environment. Here, Plaintiffs simply cannot satisfy that burden.

As such, the Court finds that Plaintiffs have failed to present sufficient evidence to create a genuine dispute of material fact as to whether the harassment complained of was severe or pervasive enough to affect a term, condition, or privilege of his employment. *Compare Walker v. Thompson*, 214 F.3d 615, 619–22 (5th Cir.2000) (holding that a hostile work environment claim survived summary judgment where evidence demonstrated years of inflammatory racial epithets, including "n****r" and "little black monkey"), *with Johnson v. TCB Constr. Co.*, 334 F. Appx. 666, 671 (5th Cir.2009) (finding insufficient evidence to establish a racially hostile work environment where a supervisor's comment that the plaintiff was just "like a damn n****r" was isolated; there was no evidence of the objective effect of that comment on the plaintiff's work performance; and although there was evidence that the supervisor frequently used the term "n****r," those other comments were not uttered in the plaintiff's presence and there was no evidence that they affected the plaintiff's job). Accordingly, Defendant's request that the Court dismiss Plaintiffs' claims is **GRANTED**.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 25)** filed by Lauren Engineers & Constructors, Inc. is **GRANTED**.

Baton Rouge, Louisiana, this 21st day of July, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**